OPINION of the Court, by
Ch. J. Boyle.
— -This was an action of slander for words alleged to be spo-kei of the plaintiff by the defendant, importing a charge of fornication. The verdict and judgment having been given for the defendant in the court below, the plaintiff has appealed to this court.
The first and most material question in the ease is whether the words are actionable or not ?
It does not admit of a doubt that words of a similar import were not actionable in England, unless they were spoken of a female in London, where by the custom of the place prostitution was punishable by carting. In that country however, offences against chastity were subjects of ecclesiastical cognizance only, and not punishable in common law courts, but in this country such offences are subject to be punished by fine. A question then occurs whether the infliction of a pecuniary penalty upon the person guilty of such offence, renders the words actionable upon the principles of the common law. We have not been able to find any case in the English books which supports the affirmative of this question. In the case of Turner vs. Ogden, 2 Salk. 696, Holt, Chief Justice, held that words to be actionable'must charge an offence subject toan infamous punishment. This necessarily implies that the punishment should be something more than a pecuniary fine. Corny ns, in his digest, classes words which are actionable when spoken of a ceramon person into, 1st, “words which endanger his life,” and 2dly, “ words which endanger corporeal punishment.” But he has given no class of cases in which words imputing an offence which is subject to a precaaia.-} penalty only, have been held actionable, nor is there any such an one to be found in the copious c-AIectiou hs has made oí the cases upon, this subject. The same observation applies with reap«ctto the eases compiled in Buce abridgment. The *474 rule therefore evidently deducible from the whole of the adjuged cases is, that words to be actionable must charge an offence subject to corporeal or other infamous punishment.
Were words which impute an offence against chastity held actionable, upon the principle that the offence was subject to a pecuniary penalty, the same rule ought to be applied to words importing a charge of Sabbath breaking, profane swearing, drunkenness or any other offence punishable in the same way ; because in such cases the same principle would be applicable. If we adopt a principle, we must pursue it whithersoever it may conduct us, or we shall inevitably be inconsistent with onrselveL. Such an extension however, of the right to an action for slanderous words as the principle in question would lead to, cannot be contended for on the score of expediency, and must be admitted to be wholly unwarranted by the rules of the common law. If it be said that an offence against chastity is distinguishable from others punishable with pecuniary penalties, in being more degrading to the character, it may be answered that this is a distinction which the law has not made, and where the law has made no distinction, judging according to law, as we are bound to do, we can make none. We are therefore of opinion that the words in, this case are not actionable.
The judgment must be affirmed with costs.